No. 4237

First Circuit

---

STRATTMAN v. STEPHENS

---

(June 26, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 725.**

The court is bound to notice the want of necessary parties and will remand the case for trial de novo with proper parties litigant.

Appeal from the Parish of Washington, Hon. Prentiss B. Carter, Judge.

Action by W. P. Strattman against Percy W. Stephens. There was judgment for plaintiff and defendant appealed.

Case remanded for trial de novo.

Cappel and Plauche, of Covington, and W. B. Mixon, attorneys for plaintiff, appellee.

Spearing, Miller and Mabry, of New Orleans, and Miller and Miller, of Bogalusa, attorneys for defendant, appellant.

ELLIOTT, J. Plaintiff charges in substance, that he sold his property to defendant, for $900.00, with right to redeem by refunding this amount in two payments. That the purpose of the sale, was to enable him to raise $900.00 to buy from defendant a patent accessory for use on Ford automobiles. He charges that he was defrauded and deceived by defendant that the accessory was worthless and that defendant violated the contract by giving to one Murray at Slidell also the right to sell said accessory, which under the agreement defendant had made with plaintiff. Plaintiff was to have the exclusive right to sell in the parishes of Washington, St. Tammany, etc.

On the trial of the case it appeared beyond question that while plaintiff had borrowed the $900.00 from defendant in person, the contract for the exclusive sale of the Ford accessory was made with a duly organized and chartered corporation, called the "R. Stephens Sales Company" of Chicago, which is not a party to this suit.

The two contracts, that of the redemption and sale and that of the exclusive agency for the sale of the Ford accessory, are alleged by plaintiff, to constitute one single transaction. If defendant was guilty of fraud and deception, it was in the sale of the Ford accessory, the borrowing of the $900.00 under a redemption sale being merely an incident to the contract for the sale by defendant to plaintiff of the exclusive right to handle the Ford accessory.

The redemption sale by itself, is not charged as being fraudulent. Plaintiff acknowledges that he received the $900.00, the real consideration mentioned in the act of sale, but the fraud and deception of which he complains, if true, was in the contract for the purchase and sale of "gas signals" the accessory in question.

But to avoid the contract for the purchase and sale of the "gas signals" it is necessary that the "Stephens Sales Com-

pany" should be a party because it is shown by indisputable evidence that the contract was made with that corporation, and not with Stephens personally.

The court is bound to notice the want of necessary parties and the case will therefore be remanded that plaintiff may make the "R. Stephens Sales Company" a party to this suit, and the case tried de novo and in accordance with the law.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby set aside and this case is now remanded to the lower court in order that the plaintiff may make "R. Stephens Sales Company" a party to this suit, all to the end that the case may be properly decided on the merits with all parties in interest before the court.

The case to be tried de novo as the law provides.

The cost to abide the final decision of the case.