No. 4584

First Circuit

BALDWIN PIANO CO. v. THOMPSON

(June 7, 1927.  Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana Digest—Appeal—Par. 725—
   Parties—Par. 17.

Where all parties whose interests are to be affected are not made parties to the suit the court will ex officio take notice of this fact and remand the case for the purpose of citing the necessary party.

Appeal from the District Court, Washington Parish.  Hon. Prentice B. Carter, Judge.

Action by the Baldwin Piano Company, Inc., against S. R. Thompson, et als.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded to lower court.

V. M. Roby, of Tylertown, and Brock & Carter, of Franklinton, attorneys for plaintiff, appellant.

Ott & Johnson, of Franklinton, attorneys for Ollie P. Gatlin, defandant, appellee.

ELLIOTT, J.  Suit involving the ownership of a piano.  The plaintiff claims ownership resulting from a conditional sale to S. R. Thompson, made in Mississippi.  Defendant Catin, in possession, claims by unconditional sale from S. R. Thompson in Louisiana.  Thompson, although made a party defendant, was not cited and made no appearance in the case.

The Baldwin Piano Company, Inc., sold and delivered to S. R. Thompson a piano on the following conditions:

"It is agreed that the title to said instrument shall remain in the party of the first part and shall not pass to the undersigned until the above amount, with interest, or any judgment for the same, has been paid in full."

The contract bears date April 9, 1925, and was entered into in the State of Mississippi where Thompson then resided. The price was $495.00, of which $100.00 was paid in cash at the time of the sale and the balance was to have been paid in monthly installments of $15.00 per month. The contract further provided that the piano was to be kept at Foxworth, Mississippi, and was not to be removed from there without the written consent of the party of the first part.

It was also agreed that should there be any default in the payment of any of the installments, or violation of any of the terms of the contract, that the party of the first part might, at its option, enter on the premises where the piano was at the time, and take possession and remove it, without legal process; in which event all the payments made were to be considered as having been paid for the use of the instrument during the time it had remained in the party of the second part's possession.

The contract is annexed to and made part of plaintiff's petition.

The plaintiff sues on the contract and alleges that Thompson never made any further payment on the piano. That he therefore had no title to and never was the owner of the same. That the ownership of the piano remained in the petitioner; that its title was never divested.

That said Thompson had removed the piano from Foxworth, Mississippi, without petitioner's knowledge or consent, to Bogalusa, Louisiana, and had there made a pretended sale of it to Ollie P. Gatlin, who had possession and refused to deliver it to petitioner.

The plaintiff brought suit against Thompson and Gatlin to be recognized as the owner of the piano under its contract with Thompson, and to recover possession of same. Thompson, though made a party to the suit, was not cited and did not appear and nobody was appointed to represent him.

Ollie P. Gatlin was cited and appeared and answered, denying plaintiff's alleged ownership. He admitted that he was in possession, and alleged that he was the owner thereof by purchase from Thompson at Bogalusa, Louisiana, on October 3, 1926.

When the case was called for trial on the answer filed by Gatlin, plaintiff tendered evidence, the purpose and effect of which was to show that it was the owner of the piano under the contract of April 9, 1925, entered into with S. R. Thompson in Mississippi, resulting from Thompson's failure to pay the balance of the purchase price. The reception of testimony was objected to by Gatlin on the ground that the suit was against Thompson and Gatlin jointly, and that Thompson had not

been cited and no attorney had been appointed to represent him. The court ruled that the objection went to the effect rather than to the admissibility of the evidence, and received and heard the testimony, thereby in effect overruling the objection.

Gatlin objected to the ruling and reserved an exception thereto.

After hearing the evidence offered by plaintiff and Gatlin, the court rendered judgment in favor of the latter.

The plaintiff appealed.

The plaintiff urges us to reverse the judgment on the ground that it is contrary to the law and the evidence. The plaintiff started the trial and offered the evidence that was objected to. Gatlin urges in this court his objection to the evidence received, on the ground stated.

The objection should have been sustained. The evidence was not admissible at the time the case was taken up for trial and cannot be considered because S. R. Thompson was not before the court. The purpose of the evidence and its designed effect was to show against Thompson and against Gatlin, who claims under Thompson that plaintiff was the owner of the piano, and had never parted with its title, for the reasons that Thompson had never paid the balance of the stipulated price. That plaintiff's ownership therefore remained, as the result of their agreement under the law of Mississippi.

A situation like the present was before us in Strattman vs. Stephens, Court of Appeal Reports, 4 La. App. 647. In that case Strattman had attacked for fraud a contract which he had entered into with

Stephens Sales Company, an incorporated or chartered party, domiciled in and organized under the laws of another state. It was found that the case could not be effectively and authoritatively determined except by either upholding or annulling and setting aside the contract which Strattman had entered into with Stephens Sales Company. As the Stephens Sales Company was not a party to the suit, an authoritative decision could not be rendered. The judgment was therefore set aside and the case remanded in order that Stephens Sales Company could be made a party.

The absence of a party necessary to the authoritative determination of a case will be noticed by the court ex officio:

"It is well settled as general rule of the law that all parties whose interests are to be effected must be parties to the suit."

Moores vs. Butler, 13 La. Ann. 41; Willis vs. Wasey, 42 La. Ann. 876, 8 South. 591, 879. In this case plaintiff tenders the question of ownership remaining in the plaintiff resulting from its contract with Thompson. If Thompson was not the owner, and that fact cannot be authoritatively determined in favor of the plaintiff, except contradictorily with Thompson, it very seriously affects the legal rights of Gatlin. The plaintiff, having delivered this instrument to Thompson under a conditional sales agreement entered into in Mississippi, cannot take it out of the hands of a party in Louisiana, to whom Thompson sold it, by simply saying to such party that Thompson did not pay the balance of the purchase price. The plaintiff must establish that fact contradictorily with Thompson. Gatlin urges some other defenses, but we do not consider them at present; all of his defenses are reserved without prejudice.

For these reasons the judgment appealed from is annulled, avoided and set aside, and the case is remanded to the lower court in order that plaintiff may take steps within a time to be fixed by the lower court to have citation issued to S. R. Thompson. If service cannot be made on him, the plaintiff then, after proper showing to the court, to have a proper person appointed to represent and defend Thompson herein; all in the manner and form prescribed by law. The case to be then tried anew, contradictorily with S. R. Thompson.

The cost of this appeal and that in the lower court, commencing with the trial, to be paid by the appellant. The other and future cost to abide the result of this suit.